## Molina v High Class Limousine & Car Serv. Corp.

2026 NY Slip Op 30870(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 653496/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>HON. ARLENE P. BLUTH</u>     **PART**      **14**

*Justice*

-------------------------------------------------------------------------------X

MARINO MOLINA,

         Plaintiff,

         - v -

HIGH CLASS LIMOUSINE AND CAR SERVICE
CORPORATION, HIGH CLASS BRONX LIMOUSINE AND
CAR SERVICE CORPORATION, WORLD PREMIER
REALTY, INC.,HIGH CLASS CITY SERVICES, INC.

         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653496/2021 |
| **MOTION DATE** | 03/02/2026 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for         <u>         DISMISSAL         </u> .

Defendants' motion for summary judgment against plaintiff is granted for the reasons described below.

**Background**

Plaintiff brings this case to *inter alia* recover dividends he claims he did not receive while a shareholder of defendants, entities that are mostly in the livery car industry. He contends that he was a founding member of each of the defendants and received one share of stock for each company in 1995. Plaintiff acknowledges that he sold these shares for $13,000 in 1999 but that he then purchased the shares in the corporations from another individual, Denny Tolentino, in 2003 for $22,000. He claims that the Board of Directors approved the purchase and that he has been the rightful owner of one share in defendant since January 2004.

**653496/2021 MOLINA, MARINO vs. HIGH CLASS LIMOUSINE AND CAR SERVICE
CORPORATION ET AL
Motion No. 002**

**Page 1 of 5**

1 of 5

Plaintiff argues that he received distributions from 2004 through 2007 and that he even served as the Vice President of defendant High Class Bronx Limousine & Car Service Corp. for 4-6 months in 2004 until he was terminated by the president, Antonio Cabrera. He acknowledges that in 2008 he got into a physical altercation with Mr. Cabrera, which eventually led to his conviction (after pleading guilty to assault) and a 9-month jail sentence. Plaintiff contends that he remains a shareholder and in that in 2018, Mr. Cabrera (as the president of the defendants) offered him $40,000 for his shares. He insists that he made a counteroffer for $80,000.

Plaintiff insists that he could not contact any of the corporate officers until the instant action began because of the order of protection that remained from his criminal conviction and that this case should be resolved via settlement. He observes that he discovered through this action that Mr. Cabrera filed taxes in 2025 indicating that he was the sole shareholder of the corporations.

Defendants move for summary judgment dismissing this case. They contend that plaintiff admitted that he never received stock certificates in his own name for any of the shares he claims to have purchased from Tolentino and that he never asked the corporations to issue new certificates in his name. Defendants claim that plaintiff sold his shares 25 years ago and that although plaintiff briefly served as vice-president for one of the corporations, he did not need to be a shareholder to do so.

Defendants argue that Mr. Tolentino forfeited his shares over 20 years and point to a 2003 document indicating as such. They dispute plaintiff's assertion that he received distributions from 2004 through 2007.

They contend that plaintiff's cause of action for breach of fiduciary duty should be dismissed because plaintiff has only named corporate entities as defendants, which do not owe

**653496/2021   MOLINA, MARINO vs. HIGH CLASS LIMOUSINE AND CAR SERVICE**
**CORPORATION ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

fiduciary duties to alleged shareholders. Defendants insist that plaintiff's claim for shareholder oppression must also be dismissed because it has to be alleged against individuals.

In opposition, plaintiff insists that he is a shareholder and that both the president and the treasurer at the time assured him he would get certificates of stock in his name at some later time, although that never happened. Plaintiff observed that Mr. Tolentino passed away and take issue with defendants' claim that Mr. Tolentino forfeited his shares back to the corporation in 2003 prior to plaintiff's purported purchase.

**Fiduciary Duty Claim**

The Court severs and dismisses this claim because plaintiff may not pursue it only against corporate entities. "The remaining allegations of breach of fiduciary duty made against the corporation must be dismissed because the corporation does not owe a fiduciary duty to its shareholders" (*Dau v 16 Sutton Place Apt. Corp.*, 205 AD3d 533, 535, 169 NYS3d 268 [1st Dept 2022]). Plaintiff appears to admit this and simply argues that "The only reason he could not name each individual director is because that information was never disclosed by Defendants" (NYSCEF Doc. No. 61 at 13).

This is not a basis save this cause of action. Plaintiff had more than enough time to seek these names in discovery or in a petition for pre-action disclosure. He did not adequately explain how he could recover against the corporate entities themselves for purported breach of fiduciary duties by specific individual board members of these corporations.

653496/2021   MOLINA, MARINO vs. HIGH CLASS LIMOUSINE AND CAR SERVICE
CORPORATION ET AL
Motion No.  002

Page 3 of 5

3 of 5

[* 3]

**Remaining Claims**

The Court dismisses the remaining claims on the basis of the statute of limitations. Plaintiff's affidavit in opposition to this motion makes clear that regardless of which applicable statute of limitations applies (even under a 6-year period), plaintiff's causes of action all accrued, at the latest, in 2008. Plaintiff says in his affidavit that he received "annual distributions from 2004 through 2007" and that "Upon information and belief, there have been annual distributions without disruption in the amount of approximately $10,000.00 to $20,000.00 dollars" (NYSCEF Doc. No. 54, ¶ 9-10). That means that his claims of being excluded from these corporations as a shareholder accrued well years and years ago—they accrued when plaintiff contends he was excluded from the corporations after the fight with Mr. Cabrera in 2008.

Plaintiff clearly knew that he was not receiving dividends (for their part, defendants deny that plaintiff ever received them) and this action was not commenced until 2021. Although plaintiff contends that he was directed not to have any contact with Mr. Cabrera or the corporations due to an order of protection, that did not prevent plaintiff from hiring a lawyer and seeking to enforce his rights with respect to his purported status as a shareholder. And, of course, he did not attach a copy of this order of protection to this motion. In any event, it is undisputed that plaintiff waited nearly two decades to pursue this case without a sufficient explanation for why he did not seek to validate his rights sooner.

Another basis to grant the instant motion is that this Court must enforce the bylaws of the corporations. The relevant bylaw provision states that:

> "Every share certificate must be approved by the Board of Directors and be signed by the president and by the secretary of the fiscal year in which the certificate is issued. It must bear the corporation's dry seal and be consecutively numbered and bear the name of the person owning the share, and such person must provide their address so that it is registered in the corporation's books with the number and date of issuance" (NYSCEF Doc. No. 48, ¶ 27[b]).

653496/2021   MOLINA, MARINO vs. HIGH CLASS LIMOUSINE AND CAR SERVICE
CORPORATION ET AL
Motion No.  002

Page 4 of 5

Plaintiff readily admits that he did not get the shares issued in his own name and that they remained in Mr. Tolentino's name. Under the bylaws, that prevents plaintiff from bringing a case on the basis that he is a rightful shareholder. His opposition makes clear that "As was customary and because of their close relationship, Plaintiff did not insist that the transfer be made on the corporate books immediately and that he be issued the shares in his name" (NYSCEF Doc. No. 61 at 10).

To be sure, plaintiff attaches affidavits from former officers in the various corporations (NYSCEF Doc. No. 57) who contend that the sale between Mr. Tolentino went through but that they simply failed to issue the new certificates. That, of course, is the reason to have such a provision in the bylaws; so that 20 years later, individuals (one of whom has apparently passed away) are not fighting about oral agreements to sell shares in closely held corporations and debating about whether certain documents are forgeries. The fact is that plaintiff did not get the stock certificates issued in his own name nor did he make a formal demand for these certificates as required under the bylaws and so this Court is compelled to dismiss this case.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of defendants and against plaintiff without costs or disbursements upon presentation of proper papers therefor.

| 3/5/2026 | | | |
|---|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | ☐ | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**653496/2021  MOLINA, MARINO vs. HIGH CLASS LIMOUSINE AND CAR SERVICE CORPORATION ET AL**
**Motion No.  002**

Page 5 of 5